UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL HUANG, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:07CV00702 ERW |
| ) | |
| GATEWAY HOTEL HOLDINGS, d/b/a ) | |
| MILLENNIUM HOTEL, ST. LOUIS, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND OPINION**

This matter comes before the Court on Plaintiffs' Motion for Conditional Certification of Class [doc. #22] and Defendant's Motion to Strike or Change Certain Portions of Plaintiffs' Proposed Notice [doc. #28].

### I. BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Huang was a non-union hourly employee of Gateway Hotel Holdings ("Defendant") at the Millennium Hotel, St. Louis, where he worked for approximately twenty-five (25) years as a server. In January, 2006, Defendant announced a policy requiring non-union employees to take a one-half hour unpaid meal break during any work shift of six hours or longer. Subsequently, Defendant deducted one-half hour of pay from each non-union hourly employee's shifts of six hours or more.

Michael Huang, Kelly Schaper, Innocente Racanelli, and Melissa Dielschneider (collectively, "Plaintiffs") allege that Defendant did not provide Plaintiffs or other non-union hourly employees with a scheduled meal break, nor did Defendant relieve Plaintiffs of any work duties upon instituting this policy. Plaintiff Huang complained to his supervisor, to the Human Resources Director, and to the General Manager, arguing that Defendant's deduction of pay for

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

hours actually worked was illegal. Plaintiff Huang alleges that he was fired within a month of his last complaint in retaliation for his complaints.

Plaintiffs filed the present action on April 10, 2007. Plaintiffs allege that Defendant violated their rights under the Fair Labor Standards Act of 1938 ("FLSA") by deducting pay for hours actually worked. Plaintiff Huang also alleges that Defendant discharged him unlawfully in retaliation for the complaints he lodged against these pay deductions, and that this retaliatory discharge violated the FLSA and Missouri's common law. Plaintiffs have now moved for the conditional certification of this suit as a collective action, and Defendant opposes this motion and also objects to the Notice Plaintiffs' have proposed sending to potential opt-in plaintiffs.

**II. LEGAL STANDARD**

A collective action under the FLSA differs from class actions brought under Federal Rule of Civil Procedure 23. *Davis v. NovaStar Mortgage, Inc.*, 408 F. Supp 2d 811, 814-15 (W.D. Mo. 2005). The principle difference is that an individual must "opt-in" to an action brought under the FLSA in order to be bound by the collective action, whereas an action under Federal Rule of Civil Procedure requires an individual to "opt-out" in order to avoid being bound by the judgment. *Id.*

An action to recover damages under the FLSA may be brought "by any one or more employees for and on behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). The FLSA does not define "similarly situated" and the Eighth Circuit has not considered what standard should be applied in determining whether potential opt-in plaintiffs are "similarly situated." *See, e.g., Schleipfer v. Mitek Corp.*, 2007 WL 2485007 (E.D. Mo. August 29, 2007); *Parker v. Rowland Express, Inc.*, 492 F. Supp 2d 1159 (D. Minn. 2007). However,

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

courts who have considered this issue have utilized a two-step process for determining whether class certification is appropriate. *Id.*

In this two-step process, a plaintiff will move for conditional certification at an early stage in the litigation. *See Davis*, 408 F. Supp 2d at 815. A plaintiff's burden when seeking conditional certification is not onerous and the merits of a plaintiff's claims are not considered. *Hoffmann v. Sbarro, Inc.*, 982 F. Supp 249, 262 (S.D.N.Y. 1997); *Smith v. Heartland Automotive Services, Inc.*, 404 F. Supp 2d 1144, 1149 (D. Minn 2005). The Plaintiffs "need not show that members of the conditionally certified class are actually similarly situated."[1] *Schleipfer*, 2007 WL 2485007, at *3 (*quoting Fast v. Applebee's Intern., Inc.*, 243 F.R.D. 360, 363 (W.D. Mo. 2007)). Once a class is conditionally certified, potential class members are given notice of the certification and the opportunity to "opt-in" to the pending action. *Parker*, 492 F. Supp 2d at 1159.

In the second step of the class certification process, a defendant may move to have the class decertified. This is generally done after the close of discovery, or at least where "discovery is largely complete and the matter is ready for trial." *Hipp v. Liberty Nat. Life Ins. Co.*, 252 F.3d 1208, 1218 (11th Cir. 2001). The motion for decertification is delayed until the Court is "able to make a factual determination as to whether the members of the conditionally certified class are similarly situated." *Schleipfer*, 2007 WL 2485007, at *3; *Davis*, 408 F. Supp 2d at 815. The requirement that class members be similarly situated at the second step of the certification process has been interpreted to mean that "class members need not be identically situated."*Fast*, 243 F.R.D. at 363.

## III.  DISCUSSION

---

[1] The determination of whether members are actually "similarly situated" is to be "made during the second step of the process, after the close of discovery." *Schleipfer*, 2007 WL 2485007, at *3 (*citing Fast*, 243 F.R.D. at 363).

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Defendant opposes Plaintiffs' motion for conditional certification, arguing that Plaintiffs have failed to present any evidence that the proposed class members are "similarly situated." Defendant has supported its opposition with affidavits from individual supervisors. Defendant asserts that these affidavits demonstrate that it was the responsibility of each individual supervisor to develop and implement a practice to ensure employees take meal breaks or ensure that are paid when they don't take a meal break. Defendant concludes that since each supervisor implemented different procedures for implementing the hotel's meal-break policy, the employees at the hotel are not the victims of a single decision, policy or plan that denied them pay for missed meal breaks.

Typically, district courts will make the determination of whether to conditionally certify a class based solely on the affidavits presented by the plaintiffs. *Rappaport v. Embarq Mgmt. Co.*, 2007 WL 4482581, at *4 (M.D. Fla. December 18, 2007). The affidavits Defendant submitted are persuasive, however, when discovery is not "substantially complete" a court should analyze a motion for conditional certification "under the more lenient 'notice stage' criteria." *Fast*, 243 F.R.D. at 363. "Conditional class certification at the notice stage requires 'noting more than substantial allegations'" that the putative class members are similarly situated. *Schleipfer*, 2007 WL 2485007, at *3 (*quoting Davis*, 408 F. Supp 2d at 815).

Plaintiffs have made substantial allegations that the putative class members are similarly situated. Plaintiffs allege that Defendant engaged in a pattern or practice of failing to pay employees for all hours worked. Plaintiffs have shown that this alleged activity was pervasive, and extended to at least waiters, housekeepers, cooks, bartenders, hosts and kitchen staff. Plaintiffs also allege that this activity extended to higher-level management in the hotel as the activity was reported to the hotel's General Manager and the Director of Human Resources.

4

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Plaintiffs have met their burden of producing substantial allegations that the proposed members are similarly situated as "the victims of a single decision, policy, or plan." *Schleipfer*, 2007 WL 2485007, at *3. Defendant's arguments are properly raised in a motion to decertify filed after the close of discovery, or at least where "discovery is largely complete and the matter is ready for trial." *Hipp*, 252 F.3d at 1218.

Defendant also objects to certain aspects of Plaintiffs' proposed Notice of Your Right to Opt In to Lawsuit Against Gateway Hotel Holdings, Doing Business as Millenium [sic] Hotel St. Louis. Defendant's specific objections are:

> (1) that the introduction be amended to state that the Court may later decide to decertify the class, that there has been no judgment entered against Defendant, and that putative class members who chose to join this action may be required to respond to written requests for information and documents, appear for depositions, hearings, or trial.
> (2) that the deadline for putative class members to opt-in be April 30, 2008.
> (3) that the "Statute of Limitations" section of the notice be eliminated or amended to state that "The FLSA has a maximum statute of limitations of three years. If you choose not to join this action or file your own action, some or all of your potential claims may be barred by the applicable statute of limitations."
> (4) that the language used by Plaintiffs in the "Millennium Hotel Plaintiff Consent Form" section impermissibly implies that this consent form may be used to opt into a subsequent collective action.

The Court finds that the "Statute of Limitations" section of Plaintiffs' Notice is appropriate and comports with other FLSA notices. *See, e.g., Lynch v. United States Auto. Ass'n*, 491 F. Supp 2d 357, 373 (S.D.N.Y. 2007). However, the Court agrees with the Defendant that the sentence in the consent form that reads "[i]f this case does not proceed as a collective action, I also consent to joint a subsequent action to assert these same claims" is not appropriate, and must be removed. The Court has reviewed Notice examples from FLSA cases in this District, and around the nation, and has not found any Notice that contains such language. *See, e.g., Burch v. Quest Communications Intern., Inc.*, 500 F. Supp 2d 1181 (D. Minn. 2007)

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

(striking similar language).  The Court finds that the concerns raised in Defendant's remaining objections can be cured by a few amendments, which are detailed below.  Also detailed below are proposed corrections for several typographical errors the Court found in the proposed notice.  The changes the Court suggests are discussed below.

>(1) Break the "Effect of Joining or Not Joining this Action" section into two separate sections to read:
>
> EFFECT OF JOINING THIS ACTION
>
>If you join this action, you and Gateway Hotel Holdings d/b/a Millennium Hotel St. Louis will be bound by any ruling, judgment, award, or settlement, whether favorable or unfavorable.  If you file a Consent Form, your continued right to participate in this action may depend upon a later decision by the Court that you and Michael Huang, Kelly Schaper, Innocente Racanelli and Melissa Dielschneider are "similarly situated" in accordance with applicable laws, and that it is appropriate for this case to proceed as a collective action.  If you chose to join this suit you may be required to respond to written requests for information and documents, and appear for depositions, hearings, or trial.
>
> EFFECT OF NOT JOINING THIS ACTION
>
>If you do not join this action you will not be bound by any ruling, judgment, award, or settlement, whether favorable or unfavorable.  If you choose not to join this action you are free to take action on your own or to do nothing at all.
>
>(2) All instances in which Defendant's name is spelled "Millenium" should be corrected to read "Millennium."
>
>(3) On page 1, in the "To:" line, the date should be corrected to read "January 1, 2006 to the present."
>
>(4) On page 3 of the proposed notice, Judge Webber's name should read "Judge E. Richard Webber."
>
>(5) Instances of legal jargon, such as "named plaintiffs" and "similarly situated" should be removed wherever possible.  For example, the Court suggests phrasing such as "Michael Huang, Kelly Schaper, Innocente Racanelli and Melissa Dielschneider seek to sue on behalf of themselves and also on behalf of . . ." and changing the "Who is in the Potentially Similarly Situated Group" heading to read "Who Does This Suit Affect?"
>
>(6) The Court suggests that the "Introduction" section be amended to read, "The purpose of this notice is (1) to inform you of the existence of a lawsuit; (2) to advise you of how your rights may be affected by this lawsuit; and (3) to instruct you on the procedure for joining this lawsuit, should you choose to do so."

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

(7) The date by which consent forms must be received should be amended to read April 30, 2008, as this is the date set in the Case Management Order entered on November 15, 2007.

(8) The Court recommends that a section entitled "No Opinion Expressed as to the Merits of the Case" be inserted prior to the "How and When to Join the Lawsuit" section. This new section should read "This notice is for the sole purpose of determining the identity of those persons who wish to be involved in this lawsuit. The United States District Court for the Eastern District of Missouri expresses no opinion regarding the merits of the Plaintiffs' claims or Gateway Hotel Holdings' defenses. There is no assurance at this time that any relief will be granted, nor if granted, the nature and amount of relief."

(9) On page 3, in the "No Retaliation Permitted" section, the last forward slash should be removed from "d/b/a/." Additionally, the last forward slash should be removed from "d/b/a/" in the "Your Legal Representation If You Join" section and also removed from the first sentence of the Consent Form.

(10) Any other corrections, as needed.

The Court asks the parties to work together to ensure that all necessary changes are made, and an amended version of the proposed Notice must be filed within ten (10) days of this Memorandum and Order.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Conditional Certification of Class [doc. #22] is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendant's Motion to Strike or Change Certain Portions of Plaintiffs' Proposed Notice [doc. #28] is **GRANTED in part** and **DENIED in part**. An amended version of the proposed Notice must be filed with the Court within ten (10) days of this Memorandum and Order.

Dated this <u>4th</u> Day of <u>January</u>, 2008.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE

PDF created with FinePrint pdfFactory trial version www.pdffactory.com