UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL HUANG, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:07CV00702 ERW |
| ) | |
| GATEWAY HOTEL HOLDINGS, ) | |
| d/b/a MILLENNIUM HOTEL, ST. LOUIS ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Gateway Hotel Holding's ("Defendant") Motion for Protective Order [doc. #34]. A hearing was held on February 28, 2008, and the Court heard arguments from the parties on this Motion.

### I. BACKGROUND

This action was brought by four Plaintiffs[1] under the Fair Labor Standards Act ("FLSA"), alleging that Defendant deducted pay for hours actually worked. In addition, Michael Huang, one of the Plaintiffs, alleges that he was fired in retaliation for reporting the illegal deductions. This action has been conditionally certified as a collective action under the FLSA. The putative class involves the named Plaintiffs along with approximately 750 similarly situated former and current employees.

### II. DISCUSSION

While the parties agree that a protective order is necessary to protect some of the information that will be produced during the discovery phase of this action, they disagree over the

---

[1] The named Plaintiffs are Michael Huang, Kelli Schaper, Melissa Dielschneider and Innocente Racanelli.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

proper scope of the protective order. Protective orders may be ordered pursuant to Fed. R. Civ. P. 26(c), and are an appropriate means by which confidential information can be protected. *See Estate of Trentadue ex rel Aguilar v. United States*, 397 F.3d 840, 865 (10th Cir. 2005). However, good cause for a protective order must be shown "to overcome the strong presumption in favor of public access" to the courts. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir. 2003).

Defendant fear that in addition to confidential personnel and payroll records, Plaintiffs will attempt to discover "records revealing its competitive employment practices . . . [including] proprietary secrets concerning wage rates, hours worked, overtime offered, benefits provided, employee retention goals, employee relations strategies, and the like." Defendants seek what is known as a "blanket protection order," under which either party may designate an item as confidential. If either party believes that an item has been inappropriately designated as confidential, they are to notify opposing counsel, and the designating party then has thirty days in which to seek a court order holding the document confidential.

The Court finds that the methodology established in the protective order proposed by Defendants is appropriate. However, given the public interest in judicial proceedings, the Court declines to give either party "a virtual carte blanche" to designate any item they wish as confidential. *Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 944 (7th Cir. 1999). Accordingly, the Court will limit the scope of the proposed protective order to protect the information in the personnel files,[2] including wage information within the personnel files.

---

[2] This includes (if applicable) employment applications, employment offer letters, W-4 forms, performance evaluations, compensation history records, records of warnings or disciplinary actions, and any other items customarily found in a personnel file.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

At this time Plaintiffs do not seek to discover any of the items Defendant lists, and Defendant has neither shown good cause to protect these items, nor that they are entitled to protection as trade secrets. If, in the future, either party seeks to discover information believed to be confidential that is not encompassed by this order, a motion may be filed for either the expansion of this order or the promulgation of a new protective order.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Protective Order [doc. #34] is **GRANTED in part** and **DENIED in part.**

Dated this 29th Day of February, 2008.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE

PDF created with FinePrint pdfFactory trial version www.pdffactory.com