UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL HUANG, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:07CV00702 ERW |
| ) | |
| GATEWAY HOTEL HOLDINGS, ) | |
| d/b/a MILLENNIUM HOTEL, ST. LOUIS ) | |
| ) | |
| Defendant. ) | |

**<u>MEMORANDUM AND ORDER</u>**

This matter comes before the Court on Plaintiffs' Motion for a Discovery Conference [doc. #49] and Plaintiff Huang's Motion to Stay Enforcement of Defendant's Subpoenas on his Subsequent Employers [doc. #54]. A hearing was held on June 17, 2008, and the Court heard arguments from the parties on these Motions.

**I.    BACKGROUND**

This action was brought by four Plaintiffs[1] under the Fair Labor Standards Act ("FLSA"), alleging that Defendant deducted pay for hours actually worked. In addition, Michael Huang, one of the Plaintiffs, alleges that he was fired in retaliation for reporting the illegal deductions. This action has been conditionally certified as a collective action under the FLSA.

**II.    DISCUSSION**

Plaintiffs assert that discovery in this action has become excessive and burdensome, and several discovery issues were brought to the Court's attention at the discovery conference. The Court will discuss these issues individually.

---

[1] The named Plaintiffs are Michael Huang, Kelli Schaper, Melissa Dielschneider and Innocente Racanelli.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

*A.    DEPOSITION QUESTIONS*

Plaintiffs object to deposition questions Defendant has asked at prior depositions. They specifically object to questions related to prior jobs, current jobs, meal break policies of other employers, why the deponent elected to join the suit, and the specifics of conversations the deponent has had with others about joining the suit. Plaintiffs assert that these questions are unrelated to any claim or defense under the FLSA and ask that the Court prevent these questions from infecting and prolonging future depositions. The Court finds that Plaintiffs have failed to demonstrate that these questions are not "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Defendant may continue to ask these questions at depositions.

*B.    INSPECTION OF ELECTRONIC EVIDENCE*

Plaintiffs also object to Defendant's request that Plaintiffs produce for inspection by a forensic consulting expert, their "desktop computers, cell phones, e-mail machines, laptop computers, mobile phones, ESI storage media, handheld computers and personal digital assistants." Plaintiffs assert that this forms an overbroad intrusion on Plaintiffs' privacy rights.

The Court finds that Plaintiffs do not have to produce these items for inspection at this time. Plaintiffs are to continue questioning Plaintiffs to determine which Plaintiffs own "desktop computers, cell phones, e-mail machines, laptop computers, mobile phones, ESI storage media, handheld computers and personal digital assistants." The names of the Plaintiffs and what equipment they own are to be produced to Defendant within twenty days of this order. Upon receipt of this information, Defendant may re-file this discovery request with a showing of need based upon the equipment possessed by Plaintiffs.

*C.    ELECTRONIC TIME AND PAY RECORDS*

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Plaintiffs ask that Defendant be required to produce their pay and time records in an accessible electronic format. The Court will deny this request at this time, however, Plaintiffs are given leave to re-file their Motion upon a showing that Defendant has not supplied all such records that are available.

## D.     *DEFENDANT'S ROUNDING POLICY*

Defendant must produce or explain the non-existence of any rounding policy for employee pay hours. If a written policy is not in existence, Defendant must explain how employee pay hours are calculated. If there is a written policy, Defendant must produce such written policy within twenty days of this order.

## E.     *AFFIRMATIVE DEFENSE INTERROGATORY ANSWERS*

To the extent that Defendant has not fully responded to Plaintiffs' interrogatories regarding their affirmative defenses, Defendant is required to supplement their interrogatory answers.

## F.     *QUASH SUBPOENAS*

Finally, Plaintiffs ask the Court to quash Defendant's subpoenas on Plaintiff Huang's subsequent employers. Plaintiffs states that these subpoenas are an impermissible attempt to gather character evidence against Plaintiff Huang in violation of Federal Rule of Evidence 404. Additionally, Plaintiff Huang is concerned that the subpoena will alert his current employer that he has filed a lawsuit against a former employer.

The Court agrees with Defendant that the information they seek is relevant and "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Defendant may serve subpoenas on all of Plaintiff Huang's subsequent employers, with the

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

exception of Sleek, Plaintiff's current employer. Defendant may serve no more than five interrogatories on Sleek.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant may serve five interrogatories on each opt-in Plaintiff, as was previously agreed by the Parties.

**IT IS FURTHER ORDERED** that Defendant may continue to ask deponents questions related to prior jobs, current jobs, meal break policies of other employers, why the deponent has elected to join the suit, and the specifics of conversations they have had with others about joining the suit.

**IT IS FURTHER ORDERED** that Plaintiffs are to determine which Plaintiffs own "desktop computers, cell phones, e-mail machines, laptop computers, mobile phones, ESI storage media, handheld computers and personal digital assistants." The names of the Plaintiffs and what equipment they own are to be produced to Defendant within twenty days of this order. Upon receipt of this information, Defendant may re-file this discovery request with a showing of need based upon the equipment possessed by Plaintiffs.

**IT IS FURTHER ORDERED** that Defendant is not required to produce their pay and time records in an accessible electronic format. Plaintiffs are given leave to re-file their Motion upon a showing that Defendant has not supplied all available pay and time records.

**IT IS FURTHER ORDERED** that Defendant must produce or explain the non-existence of any rounding policy for employee pay hours. If a written policy is not in existence, Defendant must explain how employee pay hours are calculated. If a written policy is in existance, Defendant must produce such written policy within twenty days of this order.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

**IT IS FURTHER ORDERED** that to the extent that Defendant has not fully responded to Plaintiffs' interrogatories regarding their affirmative defenses, Defendant must supplement their interrogatory answers.

**IT IS FURTHER ORDERED** that Plaintiff Huang's Motion to Stay Enforcement of Defendant's Subpoenas on his Subsequent Employers [doc. #54] is **DENIED, in part**, and **GRANTED, in part.** Defendant may serve subpoenas on all of Plaintiff Huang's subsequent employers, with the exception of Sleek, Plaintiff's Huang's current employer. Defendant may serve no more than five interrogatories on Sleek.

Dated this 18th Day of June, 2008.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE

PDF created with FinePrint pdfFactory trial version www.pdffactory.com